IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC RIVERS, VIDAL McLAURIN, and ARRION FORD, on behalf of all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SOUTHWAY CARRIERS, INC., )<br>)<br>Defendant. ) | Case No. 23 C 738 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Eric Rivers, Vidal McLaurin, and Arrion Ford have sued Southway Carriers, Inc. on behalf of a class of similarly situated persons. The plaintiffs are truck drivers. Rivers and Ford each entered into a "lease-to-purchase" agreement with Southway for a truck under which they leased the truck from Southway, made payments over a set term, and had the right to purchase the truck at the end of the term. McLaurin leased his truck under an agreement that did not include a purchase option. Each of the plaintiffs contracted to haul freight for Southway.

In their second amended complaint, the plaintiffs allege that the leases violated federal "truth-in-leasing" regulations in various ways that made them one-sided and unfair to the plaintiffs. *See* 29 C.F.R. §§ 376.11-376.12. They also allege that Southway made a variety of unauthorized deductions from their pay without consent or

adequate disclosures; inappropriately took a cut of fuel-related surcharges billed to customers; and otherwise improperly withheld compensation from them.

The plaintiffs have asserted claims for violation of the truth-in-leasing regulations (Count 1); the Fair Labor Standards Act (Count 2); the Illinois Wage Payment and Collection Act (Count 3); a federal regulation allegedly relating to pass-through of fuel surcharge adjustments (Count 4); the Illinois Consumer Fraud Act (Count 5); and for breach of contract (Count 6), an equitable accounting (Count 7), unjust enrichment (Count 8), and conversion (Count 9).

Southway has answered Counts 1, 3, 6, 7, and 8, and it has moved to dismiss Counts 2 (in part), 4, 5, and 9 for failure to state a claim upon which relief may be granted. In considering the motion, the Court reads the complaint's allegations liberally and takes the plaintiffs' factual allegations as true. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

1. **Count 2 – FLSA claims of Rivers and McLaurin only**

The Court dismisses Rivers and McLaurin's (but not Ford's) FLSA claims in Count 2. The complaint adequately alleges, as to all three plaintiffs, that they were employees and not independent contractors—though that likely will be contested by Southway at a later point. And for Ford, the complaint identifies at least one pay period—for the week ending November 25, 2022—when plaintiffs allege he was paid less than minimum wage. *See* 2d Am. Compl. ¶ 101A-B. There are no similar or otherwise adequate allegations, however, regarding Rivers and McLaurin. *See Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) ("[A] plaintiff alleging a federal minimum

wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid."). Instead, the only allegation that *their* pay was below the minimum required is the entirely conclusory allegation in paragraph 102 that Southway "did not pay Plaintiffs legally required minimum wages during multiple weeks Plaintiffs were employed by Southway Carriers Inc." *Id.* ¶ 102. Conclusory allegations of violation of the law, however, are insufficient. In their response to the motion to dismiss, McLaurin and Rivers appear to contend that Southway violated the FLSA by withholding their escrow accounts from their final paychecks. There is nothing in the complaint, however, that sets out the factual predicate for whether and how this ran afoul of the FLSA. For these reasons, the Court dismisses McLaurin and Ford's FLSA claims in Count 2.

2.         Count 4 – claims under fuel surcharge regulations

The fuel surcharge pass-through regulations upon which the plaintiffs base Count 4 were adopted under a provision of the National Defense Authorization Act of 2009. Neither the statute nor the regulations provide for private enforcement. A implied private right of action to enforce regulations adopted under a statute does not automatically follow even if private plaintiffs are allowed to enforce the statute itself, *see Alexander v. Sandoval*, 532 U.S. 275, 285-86 (2001), and here there is not even a provision or precedent (at least none that the parties have cited or that the Court has found) allowing for private enforcement of the *statute's* requirements.

The plaintiffs have not made the case for implying a private right of action to enforce the regulations in question. In deciding an issue of this sort, a court's "task is to 'interpret the statute . . . to determine whether it displays an intent to create' both a

private right and a private remedy." *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 857 (7th Cir. 2017) (quoting *Sandoval*, 532 U.S. at 286). "'[R]ights-creating' language is 'critical' to that analysis," *id.* (quoting *Sandoval*, 532 U.S. at 288), and here the plaintiffs identify none. Statutes—like the one at issue here—"that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons." *Sandoval*, 532 U.S. at 289 (internal quotation marks omitted). In short, the statute under which the regulations cited by plaintiffs were adopted "reveals no congressional intent to create a private right of action." *Id.* When, as in this case, a federal statute does not display an intent to create a private remedy, "courts may not create one, no matter how desirable that might be as a policy matter." *Id.* at 286-87. The Court also notes that, as was the case in *Chessie Logistics*, drivers like the plaintiffs already have legal remedies for the alleged wrongs, specifically, state law claims, and potentially a claim under the FLSA.

For these reasons, the Court dismisses Count 4.

5.      **Count 5 – Illinois Consumer Fraud Act**

Count 5 is a claim under the Illinois Consumer Fraud Act. Southway contends that the plaintiffs are not "consumers" as ICFA defines that term, nor does the transaction challenged in this case have a "consumer nexus." On the former point, the Court agrees, for the reasons discussed by Judge Gettleman in *Lee v. AAA Freight, Inc.*, No. 22 C 5652, 2023 WL 3200255 (N.D. Ill. May 2, 2023). The Court adopts, in this regard, the following discussion of the point by Judge Gettleman:

> To state a claim under the ICFA, a plaintiff must be a consumer or have a consumer nexus. *See Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 823 (7th Cir. 2018). The ICFA defines a consumer as "any person who purchases or contracts for the purchase of merchandise

4

> not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). When a dispute involves two businesses that are not consumers of each other's products or services, the plaintiff can bring a claim under the ICFA if it meets the "consumer nexus test," which requires the challenged conduct to involve trade practices directed to the market generally, or otherwise related to consumer protection issues. 815 ILCS 505/1.
>
> The court agrees with defendants that plaintiffs are not consumers as defined by the ICFA, and have not alleged a plausible consumer nexus. Plaintiffs do not allege that they purchased defendants' services for their personal use; rather, plaintiff allege that they contracted with defendants to exchange services.

*Lee v. AAA Freight, Inc.*, No. 22 C 5652, 2023 WL 3200255, at *4–5 (N.D. Ill. May 2, 2023).

The Court notes that Judge Gettleman's discussion of the point following the passage quoted above identifies the plaintiffs in *Lee* as independent contractors, a status that is disputed in this case (the plaintiffs contend they were employees). But the distinction does not matter for purposes of the ICFA: a person harmed in his capacity as a supplier of labor, which is what is alleged here, is not a "consumer" under the statute. *See, e.g., Hess v. Kanoski & Assocs.*, 668 F.3d 446, 454 (7th Cir. 2012) ("Hess has no claim under the Illinois Consumer Fraud Act, Count II, because Hess was an employee, not a 'consumer.'").

Finally, there is no "consumer nexus" here, as the challenged actions are not alleged to have been directed to the market generally and do not involve consumer protection concerns. *See, e.g., Athey Prods. Corp. v. Harris Bank Roselle*, 69 F.3d 430, 436-37 (7th Cir. 1996).

For these reasons, the Court dismisses Count 5.

5

### 4. Count 9 – conversion

The last claim addressed by Southway's motion is Count 9, a claim for conversion. The plaintiffs allege that Southway has exercised "unauthorized and wrongful control, dominion, or ownership over Plaintiffs' property, by its excessive holding and retaining of compensation owed to Plaintiffs and not turning it over to Plaintiffs." 2d Am. Compl. ¶ 150.

Under Illinois law, "[t]o prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman*, 229 Ill. 2d 104, 127, 890 N.E.2d 446, 461 (2008). Southway argues that the claim is deficient because the plaintiffs do not allege they made a demand for any specific funds. The plaintiffs contend that the filing of the present lawsuit suffices as a demand, but the Seventh Circuit has held otherwise—the demand must be pre-suit. *Stevens v. Interactive Fin. Advisors, Inc.*, 830 F.3d 735, 741 (7th Cir. 2016). They also allege in their complaint that Rivers made a demand prior to suit, but that would not suffice for the other plaintiffs, and in any event the complaint's actual allegation is only that "Rivers contacted Southway upon Plaintiff River's [sic] belief Southway was withholding all or portions of compensation . . . that were actually owed to Mr. Rivers." 2d Am. Compl. ¶ 40. As alleged, this falls short of a "demand."

Finally, in their response to the motion, the plaintiffs contend that the demand requirement should be excused on futility grounds because Southway "committed an

6

independent act of conversion" by using the funds to pay third parties. Pls.' Resp. to Mot. to Dismiss at 11. At this point, however, that is not adequately alleged in the complaint—though, if the plaintiffs have the underlying facts right, this likely can be cured by amendment.

For these reasons, the Court dismisses Count 9.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [34] and dismisses Counts 4, 5, and 9 of plaintiffs' second amended complaint in their entirety and also dismisses Count 2 as to plaintiffs Rivers and McLaurin, but not as to plaintiff Ford. The telephonic status and motion hearing set for August 22, 2023 is vacated. The Court notes that the plaintiffs have filed a motion for class certification and for conditional certification of an FLSA collective action. The parties are directed to confer regarding a briefing schedule and are to file a joint status report with a proposal, as well as a summary of the status of discovery, by August 25, 2023. The case is set for a telephonic status hearing on August 31, 2023 at 9:10 a.m., but the Court likely will vacate that upon setting a briefing schedule on the class/collective certification motion.

Date: August 20, 2023

```
                                        _____
                                              MATTHEW F. KENNELLY
                                              United States District Judge
```